UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE STANDARD FIRE INSURANCE CO., et al.,<br>　　　Plaintiffs,<br><br>　　　　　v.<br><br>ESTATE OF BETTY GOLDBERG, et al.,<br>　　　Defendants. | EDCV 19-2498 DSF (AFMx)<br><br>Order DENYING Motion for Summary Judgment (Dkt. No. 24) |

　　Plaintiffs are various insurance companies (Insurers) who issued policies to Tri-County Sales, Inc. and Goss-Jewett & Co., Inc. effective between 1978 and 1986. Tri-County and Goss-Jewett are alleged to be responsible for releases of perchloroethylene (PCE) at 220 W. Gutierrez Street in Santa Barbara, California (the Property) as a result of their operation of a dry cleaning supply business on the Property.

　　The Insurers are currently defending claims against Goss-Jewett and the estates of several former officers, directors, and shareholders of Goss-Jewett in an underlying environmental cost recovery case pending in this Court and in a separate state court environmental case. The Insurers now move for summary judgment in this coverage case, arguing that the policies at issue do not cover the alleged releases in the underlying environmental cases. The Court deems this matter appropriate for decision without oral argument. See Fed. R. Civ. P. 78; Local Rule 7-15.

　　The policies at issue have minor wording differences, but it is uncontested that they all contain general pollution exclusions that bar

coverage for contamination of land, atmosphere, or water unless the contamination is due to a "sudden and accidental" discharge or release of contaminants.

Defendants make numerous arguments against summary judgment. The Court need not discuss most of them because there are disputed questions of material fact regarding whether releases of PCE during the relevant period were "sudden and accidental."

As elaborated in the Court's recent summary judgment order in the underlying federal case, despite extensive discovery, there remains substantial uncertainty around the circumstances of the PCE releases at the Property. Defendants' geological expert, James Wells, is of the opinion that the extent and pattern of the contamination suggests that relatively large amounts of PCE must have been released over short periods of time – *i.e.*, that there were sudden releases. Otherwise, Wells opines, the contamination would not have been able to reach the depths and concentrations observed. There is also substantial evidence that Tri-County and Goss-Jewett would not have wanted to intentionally dump PCE on the Property because PCE was inventory that they were reselling and PCE was a relatively expensive product. There is evidence that common carrier truck drivers delivering PCE to the Property were emptying residual PCE from their hoses into storm drains at the end of their deliveries, but there is not definitive evidence that these driver releases are sufficient to account for all of the contamination on the Property and surrounding area.

The motion for summary judgment is DENIED.

IT IS SO ORDERED.

Date: July 17, 2020

_Dale S. Fischer_
Dale S. Fischer
United States District Judge