Sonia S. Waisman, Esq., State Bar No. 153010
Heather L. McCloskey, Esq., State Bar No. 193239
McCLOSKEY, WARING, WAISMAN & DRURY LLP
1960 East Grand Avenue, Suite 580
El Segundo, CA  90245
Telephone No.: (310) 524-0400
Facsimile No.:  (310) 524-0404
swaisman@mwwdlaw.com
hlmccloskey@mwwdlaw.com

Attorneys for Plaintiffs/Counter-Defendants
The Standard Fire Insurance Company and Travelers Casualty and Surety Company

William J. Baron, Esq., State Bar No. 111288
Lauren M. Case, Esq., State Bar No. 280629
DUANE MORRIS LLP
Spear Tower, One Market Plaza, Suite 2200
San Francisco, CA  94105-1127
Telephone No.:  (415) 957-3000
Facsimile No.:   (415) 957-3001
wjbaron@duanemorris.com
lmcase@duanemorris.com

Attorneys for Plaintiff/Counter-Defendant
Great American Insurance Company of New York,

Deborah A. Aiwasian, Esq. State Bar No. 125490
Nicholas R. Andrea, Esq., State Bar No. 166822
AIWASIAN & ASSOCIATES
725 S. Figueroa Street, Suite 1050
Los Angeles, CA  90017
Telephone No.:  (213) 233-9650
Facsimile No.:  (213) 233-9651
deborah.aiwasian@mclolaw.com
Nicholas.andrea@mclolaw.com

Attorneys for Plaintiffs/Counter-Defendants
Vigilant Insurance Company, Century Indemnity Company (as successor to CCI Insurance Company, as successor to Insurance Company of North America), Pacific Employers Insurance Company, and Federal Insurance Company

Bret A. Stone State Bar No. 190161     BStone@PaladinLaw.com
Brian R. Paget State Bar No. 168694   BPaget@PaladinLaw.com
Paladin Law Group® LLP
220 W. Gutierrez Street
Santa Barbara, CA 93101
Telephone: (805) 898-9700
Facsimile:  (805) 852-2495

Counsel for Defendants/Counterclaimants/Third-Party Plaintiffs Estate of Betty Goldberg, Deceased, and Estate of Al Goldberg, Deceased, by and through their successor in interest, Daniel Rubin, and 220 W. Gutierrez, LLC

1

1
2

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22

| | |
|---|---|
| THE STANDARD FIRE INSURANCE COMPANY; TRAVELERS CASUALTY AND SURETY COMPANY; GREAT AMERICAN INSURANCE COMPANY OF NEW YORK, formerly known as American National Fire Insurance Company; VIGILANT INSURANCE COMPANY; and <br><br> CENTURY INDEMNITY COMPANY, as successor to CCI Insurance Company, as successor to Insurance Company of North America, PACIFIC EMPLOYERS INSURANCE COMPANY; and FEDERAL INSURANCE COMPANY, <br><br>                Plaintiffs, <br><br>    v. <br><br> ESTATE OF BETTY GOLDBERG, DECEASED and ESTATE OF AL GOLDBERG DECEASED, by and through their successor-in-interest, Daniel Rubin; 220 W. GUTIERREZ, LLC, a Delaware limited liability company, <br><br>                Defendants. <br><br> AND RELATED COUNTERCLAIMS AND THIRD-PARTY COMPLAINTS | Case No.  5:19-cv-02498 DSF (AFMx) <br><br> **JOINT RULE 26(f) REPORT** <br><br> Vacated Scheduling Conf. Date: <br>     August 17, 2020 <br> Vacated Scheduling Conf. Time: <br>     11:00 a.m. <br><br> Scheduling Conf. Date:  None Set <br> Scheduling Conf. Time: None Set <br><br> Dept:  7D <br> Judge:  The Hon. Dale S. Fischer <br><br> Action Filed: December 30, 2019 <br> Trial Date:     None Set |

23
24
25
26
27
28

      Plaintiffs/Counter-Defendants THE STANDARD FIRE INSURANCE

COMPANY, TRAVELERS CASUALTY AND SURETY COMPANY ("Travelers

Casualty"), GREAT AMERICAN INSURANCE COMPANY OF NEW YORK,

formerly known as American National Fire Insurance Company ("Great

American"), VIGILANT INSURANCE COMPANY, CENTURY INDEMNITY

COMPANY (as successor to CCI Insurance Company, as successor to Insurance Company of North America), PACIFIC EMPLOYERS INSURANCE COMPANY, and FEDERAL INSURANCE COMPANY ("Federal") (collectively "Plaintiffs," "Plaintiff Insurers" or "Insurers"), and Defendants/Counterclaimants/Third-Party Plaintiffs ESTATE OF BETTY GOLDBERG, DECEASED and ESTATE OF AL GOLDBERG DECEASED, by and through their successor-in-interest, Daniel Rubin (collectively, "Goldberg Estates"), and 220 W. GUTIERREZ, LLC ("220 LLC") (collectively, "Defendants") jointly submit this report in accordance with the Court's Orders of April 28, 2020 [ECF No. 32] and June 23, 2020 [ECF No. 55], Rule 26(f) of the Federal Rules of Civil Procedure, and Local Rule 26-1.  The parties, through Counsel, engaged in a telephone conference on July 27, 2020, and a further teleconference on August 5, 2020, to discuss the issues identified in the Court's April 28, 2020 Order.

## I.    STATEMENT OF THE CASE

Plaintiff Insurers brought this declaratory relief action in December 2019, seeking a determination that they have no coverage obligations with respect to (i) an underlying lawsuit pending in this Court, captioned *Estate of Betty Goldberg, Deceased, et al. v. Goss-Jewett Company, Inc., et al*., Case No. 5:14-cv-01872-DSF (AFM) (the "Underlying Federal Action"), and (ii) an underlying state court lawsuit captioned *220 W. Gutierrez, LLC v. Goss-Jewett & Co., Inc., et al.*, Santa Barbara Superior Court Case No. 17cv05689 ("Underlying State Action") (collectively, "Underlying Actions").  The Underlying Actions involve environmental liabilities arising out of a former dry-cleaning supply site located at 220 W. Gutierrez in Santa Barbara, California (the "Property") operated by Goss-Jewett Company, Inc. ("Goss-Jewett") and its predecessor Tri-County Sales, Inc. ("Tri-County").  The plaintiffs in the Underlying Actions, which are the Defendants in this case, seek recovery for environmental costs against Goss Jewett, a suspended California corporation, its former officers and the estates of deceased former officers, although

1  the claims against the officers being defended by certain of the Insurers have been

2  dismissed on summary judgment.  Certain of the Insurer Plaintiffs herein intervened

3  in the Underlying Federal Action to defend the claims that had been asserted against

4  Goss-Jewett.

5      Plaintiff Insurers' Complaint in this case asserts two causes of action for

6  declaratory relief.  The first cause of action asserts that the Insurers have no duty to

7  indemnify under their liability insurance policies at issue ("Policies") based on the

8  qualified pollution exclusion in each of the Policies.  The second cause of action

9  asserts that there is no duty to indemnify based on other terms, conditions and

10  limitations in the Policies, including (but not limited to) the Policies' insuring

11  agreements, which require that covered property damage must have resulted during

12  the policy period, and policy conditions voiding coverage when an insured

13  knowingly makes a material false assertion in seeking coverage or making a claim.

14      On March 9, 2020, Defendants filed a motion to dismiss, stay or strike the

15  Complaint [ECF No. 22], which the Court denied on April 10, 2020 [ECF No. 29].

16  The Defendants filed a notice of appeal from the Court's April 10 Order [ECF No.

17  33].  Both this Court and the Ninth Circuit determined that jurisdiction did not exist

18  for the appeal, and the Ninth Circuit dismissed the appeal.

19      In March 2020, the Insurers filed a motion for summary judgment or partial

20  summary judgment, based on the pollution exclusions in each of the Policies.  [ECF

21  No. 24.]  On July 17, 2020, the Court denied that motion, finding disputed issues of

22  material fact as to whether PCE releases during the relevant periods were "sudden

23  and accidental" under the exception to the pollution exclusions.  [ECF No. 57.]

24      On August 3, 2020, the Goldberg Estates and 220 LLC each filed an Answer

25  to the Complaint and each filed a Counterclaim; the Goldberg Estates' Counterclaim

26  is against all of the Insurer Plaintiffs and 220 LLC's Counterclaim is against all of

27  the Insurer Plaintiffs except Travelers Casualty and Federal.  [ECF Nos. 59-63.]

28  The Counterclaims each assert three claims: (1) alleging breach of contract (breach

of a duty to defend); (2) alleging bad faith; and (3) seeking declaratory relief.  [ECF Nos. 60 and 62.]  The Goldberg Estates allege that the Goldbergs were additional insureds under policies issued to Goss-Jewett and Tri-County, and 220 LLC alleges that it received an assignment from the Goldbergs that transferred rights under the Insurers' policies.  [ECF Nos. 59-63.]  Based on those allegations, the Defendants allege they are entitled to a defense from the Insurers with respect to a third-party complaint, counterclaims and cross-complaints and the assertion of affirmative defenses in pleadings filed in the Underlying Actions.  On August 13, 2020, the Court entered Orders, based on the parties' stipulations, extending the time to respond to each of the Counterclaims to September 23, 2020.  [ECF Nos. 68, 69.]

On August 17, 2020, Defendants filed third-party complaints against The Ohio Casualty Insurance Company and Fireman's Fund Insurance Company.  [ECF Nos. 70, 72.]

## II.   SUBJECT MATTER JURISDICTION

Plaintiff Insurers' contend that, pursuant to 28 U.S.C. § 1332(a), this Court has subject matter jurisdiction because this case involves citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs. Defendants concede that such jurisdiction exists over their Counterclaims [ECF No. 60 at ¶¶ 1 & 2; ECF No. 62 at ¶¶ 1 & 2] but contend that no such jurisdiction exists over Plaintiff Insurers' Complaint [ECF No. 59 at ¶ 3; ECF No. 60 at ¶ 5; ECF No. 61 at ¶ 3; ECF No. 62 at ¶ 5], a contention the Court has rejected [ECF No. 29 at 1-2]. Venue under 28 U.S.C. § 1391(b)(2) and personal jurisdiction are proper.

Defendants filed a third-party complaint on August 17, 2020, naming two third-party defendants, which have not been served.  Other than those third-party defendants, no other parties remain to be served with respect to the operative pleadings.

1 **III.  LEGAL ISSUES**

2     **A.  Legal Issues in Plaintiffs' Complaint**

3         **1.  Insurers' Summary of Issues**

4             a.  Nature of Plaintiff Insurers' Claims.  The Insurers' Complaint

5 does not plead that the Defendants Goldberg Estates or 220 LLC are insureds under

6 the Policies, or seek a determination as to a duty to defend.  Rather, the Complaint

7 explains that the Defendants brought claims for recovery from the Insurers in the

8 Underlying Actions, by suing deceased former officers and directors of Goss-Jewett

9 under Probate Code §§ 550-555.  A Probate 550 Claim is nominally asserted against

10 a deceased person's estate, but actually comprises a claim against the decedent's

11 insurers; recovery under such a claim is only allowed "within the limits and

12 coverage" of insurance policies that cover the decedents' alleged liability.  (Cal.

13 Probate Code § 554.)  The Complaint requests a declaration that the Insurers'

14 respective Policies do not provide coverage for the claims asserted by Defendants in

15 the Underlying Actions.[1]

16             b.  Scope of Coverage.  As claimants seeking coverage under the

17 Policies, Defendants have the burden of proving that their claims fall within the

18 scope of coverage under the Policies.  Among other requirements, Defendants have

19 the burden of showing that the damages for which they seek coverage arose from

20 covered property damage that took place during the Insurers' respective policy

21 periods and was caused by an "occurrence" within the meaning of the Policies.

22             c.  Pollution Exclusion.  Plaintiff Insurers contend that the

23 pollution exclusions in their Policies preclude coverage for all the contamination at

24 or from the Property.  To overcome the pollution exclusion, Defendants have the

---

26 [1] On July 14, 2020, after the Insurers filed their Complaint in this case, the Court in
27 the Underlying Federal Action dismissed the Defendants' claims against the
deceased and living former officers and directors being defended by certain of the
28 Insurers.  [*See* ECF No. 769 in Case No. 5:14-cv-01872-DSF (AFM).]

1    burden of establishing that the exception to that exclusion applies.  To meet that

2    burden, they must identify particular releases of PCE at the Property that were both

3    "sudden" and "accidental," and prove that any such releases "contributed

4    substantially to causing" the contamination at issue.  *State of California v. Allstate*

5    *Ins. Co.,* 45 Cal. 4th 1008, 1037 (2009).  Defendants also have the burden of

6    proving that any such releases caused damage to third-party property during the

7    policy period.  If Defendants are able to meet their burden of showing that sudden

8    and accidental events contributed substantially to the contamination at issue, then

9    issues of allocating damages attributable to covered versus noncovered releases

10   would arise.  *Id.*

11           d.    Defendants' Claims for a Defense.  Plaintiff Insurers contend

12   that Defendants are not insureds or additional insureds under the Policies, and that

13   Defendants were not and are not entitled to a defense from the Insurers with respect

14   to the Underlying Actions or government pollution orders.  Defendants bear the

15   burden of proving their claim that they are additional insureds and that they could be

16   entitled to a defense against any underlying suits.

17           e.    False Claim Provisions.  Some or all of the Policies contain

18   provisions voiding the policy if an insured intentionally misrepresents a material

19   fact in seeking coverage.  The Insurers contend such provisions were violated by

20   representations in the Federal Underlying Action, including by the submission of a

21   declaration which the Court found contained materially false representations.

22           f.    Other Policy Exclusions and Conditions.  The Policies also

23   contain other exclusions and conditions that may be determined to apply as this

24   litigation progresses.

25       **2.    Defendants' Summary of Issues**

26           a.    Jurisdiction.  Defendants contend that both causes of action

27   alleged in Plaintiff Insurers' Complaint are not ripe and, as a consequence, that this

28

Court lacks subject matter jurisdiction over the Complaint. [ECF No. 22 at 15:5–18; ECF No. 26 at 7:20–9:5; ECF No. 44 at 18:17–22:15.]

        b.  <u>Nature of Plaintiff Insurers' Claims</u>.  Plaintiff Insurers allege in their Complaint that, with all the evidence in the Underlying Actions in, there is no longer a potential for coverage. That allegation, however, actually raises the issue of whether Insurers' duty to *defend* their insureds has ended, not whether their duty to *indemnify* their insureds can ever arise. And, on that issue (whether Insurers' duty to defend has ended), Insurers bear the burden to prove that there is no longer a potential for coverage.

        c.  <u>Coverage for the Probate Code §§ 550–555 Claims</u>. Defendants contend that the Court should place the burden on Plaintiff Insurers to prove that the Probate Code §§ 550–555 claims in the Underlying Actions do *not* come within the sudden and accidental exception to the pollution exclusions in their policies.

        d.  <u>Pollution Exclusions</u>. Defendants contend that the pollution exclusions in the relevant Policies do not exclude or do not fully exclude coverage for the contamination at issue in the Underlying Actions. Specifically, Defendants contend that the policies do not exclude coverage for indoor air pollution or surface water pollution, that some of the Policies do not exclude coverage for groundwater pollution, and that two of the Policies do not exclude coverage for pollution to Mission Creek.

        e.  <u>Other Provisions</u>. The nature of, and whether or not Plaintiff Insurers will be able to prove, their other allegations in their Complaint against Defendants are also in dispute.

    **B.**  **<u>Legal Issues in Defendants' Counterclaims</u>**

        **1.**  **<u>Insurers' Summary of Issues</u>**

        a.  Whether the Goldberg Estate Defendants are Additional Insureds under one or more of the Policies.

b.      Whether 220 LLC obtained a valid assignment with respect to the Policies and, if so, whether and to what extent it acquired rights thereunder.

c.      Whether the California Supreme Court rulings in *Foster Gardner, Inc. v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA*, 18 Cal. 4th 857 (1998), *Certain Underwriters at Lloyd's of London v. Superior Court* (*Powerine Oil Co.*), 24 Cal. 4th 945 (2001), and/or *Powerine Oil Co. v. Superior Court*, 37 Cal. 4th 377 (2005), and their progeny negate Defendants' claims for defense in connection with the governmental environmental claims and orders referenced in the Counterclaims.

d.      Whether provisions in Insurers' policies (including provisions discussed above) preclude Defendants' claims pled in their Counterclaims).

e.      Whether Defendants can meet their burden of proving the various claims for breach of express and implied contract provisions pled in their Counterclaims.

## 2.   **Defendants' Summary of Issues**

a.      <u>Duty to Defend</u>. Whether Plaintiff Insurers have or had a duty to defend either or both of 220 LLC and the Goldberg Estates in the Underlying Actions.

b.      <u>Breach of Duty to Defend</u>. Whether Plaintiff Insurers have breached their duty to defend either 220 LLC or the Goldberg Estates and, if so, what damages and other consequences result from such breach.

c.      <u>Bad Faith</u>. Whether Plaintiff Insurers have breached their implied covenant to act with good faith and fair dealing toward either 220 LLC or the Goldberg Estates in the Underlying Actions and, if so, what damages and other consequences result from such breach.

## IV. PARTIES, EVIDENCE, ETC.

### A. Parties

#### 1. Plaintiffs/Counter-Defendants

    a. The Standard Fire Insurance Company (Notice of Interested Parties filed January 2, 2020 [ECF No. 11]);

    b. Travelers Casualty and Surety Company (Notice of Interested Parties filed January 2, 2020 [ECF No. 11]);

    c. Great American Insurance Company of New York, formerly known as American National Fire Insurance Company (Notice of Interested Parties filed December 30, 2019 [ECF No. 4]);

    d. Vigilant Insurance Company (Notice of Interested Parties filed January 6, 2020 [ECF No. 13]);

    e. Century Indemnity Company (as successor to CCI Insurance Company, as successor to Insurance Company of North America) (Notice of Interested Parties filed January 6, 2020 [ECF No. 13]);

    f. Pacific Employers Insurance Company (Notice of Interested Parties filed January 6, 2020 [ECF No. 13]); and

    g. Federal Insurance Company (Notice of Interested Parties filed January 6, 2020 [ECF No. 13]).

#### 2. Defendants/Counterclaimants/Third-Party Plaintiffs

    a. Estate of Betty Goldberg, Deceased and Estate of Al Goldberg, Deceased, "by and through their successor-in-interest, Daniel Rubin"; and

    b. 220 W. Gutierrez, LLC.

#### 3. Third-Party Defendants

    a. The Ohio Casualty Insurance Company (not yet served); and

    b. Fireman's Fund Insurance Company (not yet served).

**B.    Key Documents**

 **1.**  Insurance Policies issued by Plaintiff Insurers (as identified in the Complaint [ECF No. 1] and on file with the Court as exhibits to the Insurers' MSJ [ECF No. 24-5]);

 **2.**  Deposition Transcripts (including Exhibits), Expert Reports, Documents Produced, Documents Filed, Written Discovery Responses, Hearing Transcripts, and Orders from the Underlying Federal Action and from a prior lawsuit filed by the Goldbergs against certain of the Insurers in the 1990s, captioned *Goldberg v. Arns, et al.,* Case No. 94-3834RMT (Shx) in the Central District ("1990s Goldberg Coverage Action") (pursuant to stipulation to be entered among the parties for use in this case to the same extent as in those actions, including subject to any objections that would apply if offered in those actions);

 **3.** Transactional Documents and Public Filings, including:

   a. February 26, 1980 Agreement for the Purchase of Shares of Tri-County Sales, Inc. by Goss-Jewett;

   b. October 14, 2013 Purchase and Sale Agreement for the property located at 220 W. Gutierrez Street, Santa Barbara, California; and

   c. March 14, 1969 Building Application for the City of Santa Barbara.

 **4.**  Administrative Agency Environmental Reports regarding the Property and environmental contamination allegedly at, under or emanating from it.

 **5.**  Correspondence between Defendants and Plaintiff Insurers including tenders for defense, responses, and related insurance correspondence.

**C.    Percipient Witnesses**

 **1.** Witnesses deposed in the Underlying Actions and/or in the prior Goldberg coverage action (per stipulation, as noted in Section IV.C.2 above);

**2.**   Danielle Sakai, Esq.;

**3.**   Bret A. Stone, Esq.;

**4.**   30(b)(6) witnesses for all parties; and

**5.**   Custodian of record witnesses.

Plaintiffs estimate a total of 5-7 percipient witnesses.  Defendants estimate a total of 15-20 percipient witnesses.

## V.   DAMAGES

Plaintiffs seek declaratory relief only.

Defendants/Counterclaimants/Third-Party Plaintiffs seek, *inter alia,* damages, *Brandt* fees, and declaratory relief, and estimate their damages at $15 – $18 million assuming Plaintiff Insurers' indemnity liability is included in addition to their defense and bad faith liability.

## VI.   INSURANCE

Plaintiff Insurers' liability insurance policies at issue in this insurance coverage action are identified with specificity in the Insurers' Complaint [ECF No. 1] and are on file in this action [ECF No. 24-5], having been filed with Plaintiff Insurers' MSJ.

## VII.   MOTIONS (See also Section XI)

### A.   <u>Plaintiff Insurers</u>

Plaintiffs were served with Defendants' Counterclaims on August 3, 2020, and anticipate bringing a motion to dismiss and/or requesting permission to file a motion for summary judgment on the Counterclaims.  Under the Court's orders approving the parties' joint stipulations, Insurers' responses to the Counterclaims are due September 23, 2020.

Plaintiffs also anticipate bringing a motion to trifurcate this action as follows: (1) the declaratory relief claims in their Complaint, (2) the issues raised in Defendants' respective First and Third Counterclaims (breach of contract/duty to

defend and declaratory relief), and, if necessary, (3) Defendants' respective Second Counterclaims (alleging bad faith).

Other than as stated above, the parties do not reasonably anticipate motions seeking to add additional parties or claims, amended pleadings, transfer of venue or other such motions.

## VIII.  MANUAL FOR COMPLEX LITIGATION[2]

The parties do not believe the procedures of the Manual for Complex Litigation should be utilized.

## IX.   STATUS OF DISCOVERY & DISCOVERY PLAN

### A.   Plaintiff Insurers' Position

No discovery has been conducted in this action but, as set forth in the Insurers' MSJ, extensive discovery has been conducted for decades in the Underlying Actions and in the 1990s Goldbergs Coverage Action, regarding operations at the Property during the relevant period (from the 1960s until the expiration of the most recent Policy on 11/1/1986) and the nature of any purported releases of pollutants (specifically PCE) during that period.  As such, it is the Insurers' position that, except as otherwise noted in this Report, all discovery relative to the key issues raised by the Complaint has been taken and that no additional discovery is needed in this action relative to the declaratory relief claims asserted by the Plaintiffs.

Plaintiffs are evaluating the need for discovery with respect to Defendants' respective Counterclaims filed on August 3, 2020, if and to the extent they are not dismissed by motions on the pleadings.

---

[2] The Court's April 28, 2020 Order Setting Scheduling Conference entered in this case [ECF No. 32] includes this topic as a required section in the Report.  The Court's current Order Setting Scheduling Conference on the Court's website, as amended effective June 5, 2020, no longer includes this topic.  In an abundance of caution, in order to err on the side of over-inclusion, the parties have included this topic in this Report in compliance with the Order entered in this case.

**B.** **Defendants' Position**

While Defendants have agreed to stipulate that depositions and other discovery in the Underlying Actions and the 1990s Goldberg coverage Action may be used in this action, Defendants contend that some additional discovery will be needed particularly with respect to their defenses to the Complaint and their Counterclaims including the Insurers' duty to defend and duty to act in good faith and with fair dealing and the alleged breach of such duties.

**X.** **DISCOVERY PLAN, DISCOVERY CUT-OFF AND EXPERT DISCOVERY**

The parties' initial disclosures pursuant to FRCP Rule 26(a) will take place on August 31, 2020.  The parties agree that much of the discovery needed in this action has already been completed in the Underlying Actions and are prepared to stipulate to the use of prior deposition testimony and other discovery, as stated in Section IV.C.2 above.

Other discovery deadlines are agreed as follows:

| DISCOVERY DEADLINE DESCRIPTION | THE PARTIES' AGREED PROPOSED DATES (Based on Agreed Proposed Trial Date) |
|---|---|
| Deadline to Complete Fact Discovery | 5/24/21 |
| Initial Expert Reports Due | 6/24/21 |
| Rebuttal Reports Due | 7/26/21 |
| Deadline to Complete Expert Depositions | 8/24/21 |

## XI.   DISPOSITIVE MOTIONS

**A.   Defendants' Motion to Stay, Dismiss and Strike [ECF No. 22]**

DENIED April 10, 2020 [ECF No. 29]

**B.   Plaintiff Insurers' Summary Judgment Motion [ECF No. 24]**

DENIED July 17, 2020 [ECF No. 57]

**C.   Future Dispositive Motions**

**1.   Plaintiff Insurers**

The Defendants' Counterclaims were filed August 3, 2020. Based on a stipulation among the parties, the Court has ordered that responsive pleadings are due on September 23, 2020. Plaintiffs are considering whether a motion to dismiss or motion for summary judgment (with the Court's permission) is warranted based on the counterclaims asserted and/or undisputed evidence.

**2.   Defendants**

Defendants are considering whether a summary judgment motion on Plaintiff Insurers' Complaint and/or Defendants' Counterclaims will be warranted after discovery.

## XII.   SETTLEMENT/ALTERNATIVE DISPUTE RESOLUTION (ADR)

In connection with the Underlying Actions, the parties to those actions, along with the Plaintiff Insurers in this action, have engaged the services of mediator Tim Gallagher, Esq. There have been no ongoing substantive discussions for at least several months. Defendants recently provided Mr. Gallagher with the rulings by this Court on the MSJs in the Underlying Federal Action and in this case. Plaintiffs thereafter preliminarily discussed with Mr. Gallagher the possibility of resuming mediation/settlement discussions in the near future. The parties are currently in the process of evaluating a resumption of mediation.

## XIII.  TRIAL ESTIMATE

### A.    Plaintiff Insurers' Position

At present, Plaintiffs believe this action should be trifurcated between: (1) Plaintiffs' claims for declaratory relief, (2) if necessary, Defendants' counterclaims for breach of contract and declaratory relief, and (3) if necessary, Defendants' bad faith counterclaims.  Plaintiffs contend that Phase 1 is appropriate for a bench trial and estimate a trial length of four days for Phase 1.  Given that Defendants' Counterclaims were filed on August 3, 2020, Plaintiffs are still evaluating the form and estimated length of phased trials on the counterclaims.  In the absence of a phased approach to the litigation, Plaintiffs estimate a 10-day bench trial as reflected in the Schedule attached to this Report.  Plaintiffs estimate a total of 5-10 witnesses, including expert witnesses.

### B.    Defendants' Position

Defendants have not had an opportunity to consider Plaintiffs' suggestion that this action should be trifurcated and, on that basis, disagree with such suggestion. Defendants estimate that a 10-day trial will suffice for all claims and defenses currently pled. However, when Defendants add additional insurers as third-party defendants, the trial will become more complicated and lengthy.  Defendants estimate a total of 20-35 witnesses, including expert witnesses.

## XIV.  TRIAL COUNSEL

Counsel for Plaintiffs Standard Fire and Travelers Casualty: Sonia S. Waisman.

Counsel for Plaintiff Great American:  William J. Baron.

Counsel for Plaintiffs Vigilant, Century, PEIC and Federal: Deborah A. Aiwasian.

Counsel for Defendants:  Bret A. Stone.

## XV.  INDEPENDENT EXPERT OR MASTER

The Parties do not believe an independent expert or master is warranted in this case.

## XVI.  TIMETABLE

For scheduling purposes, the parties have agreed to a proposed October 19, 2021 trial date (subject to the Court's schedule and approval), for an estimated 10-day bench trial.  The proposed Schedule is attached to this Report.

Defendants' have invoked their right to a jury trial of all issues so triable, but have not yet had an opportunity to analyze whether any issues raised in the Complaint or the Counterclaims are jury triable.  Plaintiffs do not contend that a jury trial is warranted on the issues presented in their Complaint.  Plaintiffs reserve their right to file a motion to bifurcate or trifurcate the trial.

## XVII.  OTHER ISSUES

The parties do not believe that there are additional issues which should be brought to the Court's attention at this time.

Dated:  August 18, 2020        McCLOSKEY, WARING, WAISMAN & DRURY LLP

By:   */s/ Sonia S. Waisman*
      SONIA S. WAISMAN

Attorneys for Plaintiffs/Counter-Defendants **THE STANDARD FIRE INSURANCE COMPANY and TRAVELERS CASUALTY AND SURETY COMPANY**

Dated:  August 18, 2020          DUANE MORRIS LLP

                                 By: __/s/ William J. Baron_____
                                       WILLIAM J. BARON

                                  Attorneys for Plaintiff/Counter-Defendant
                                 **GREAT AMERICAN INSURANCE**
                                 **COMPANY OF NEW YORK,**
                                 **formerly known as American National**
                                 **Fire Insurance Company**


Dated:  August 18, 2020          AIWASIAN & ASSOCIATES

                                 By: __/s/ Deborah A. Aiwasian_____
                                       DEBORAH A. AIWASIAN

                                 Attorneys for Plaintiffs/Counter-Defendants
                                 **VIGILANT INSURANCE COMPANY;**
                                 **and CENTURY INDEMNITY**
                                 **COMPANY (as successor to CCI**
                                 **Insurance Company, as successor to**
                                 **Insurance Company of North America),**
                                 **PACIFIC EMPLOYERS INSURANCE**
                                 **COMPANY, and FEDERAL**
                                 **INSURANCE COMPANY**


Dated:  August 18, 2020          PALADIN LAW GROUP LLP

                                 By: __/s/ Bret A. Stone_____
                                       BRET A. STONE

                                 Attorneys for Defendants/Counterclaimants/
                                 Third-Party Plaintiffs
                                 **ESTATE OF BETTY GOLDBERG,**
                                 **DECEASED, and ESTATE OF**
                                 **AL GOLDBERG, DECEASED, by and**
                                 **through their successor in interest,**
                                 **DANIEL RUBIN, and**
                                 **220 W. GUTIERREZ, LLC**

## ATTESTATION PER LOCAL RULE 5-4.3.4

The e-filing attorney hereby attests that concurrence in the filing of the document has been obtained from each of the other signatories indicated by a conformed signature (/s/) within this efiled document.

Dated:  August 18, 2020          By: */s/ William J. Baron*
                                     WILLIAM J. BARON

                                     Attorneys for Plaintiff
                                     **GREAT AMERICAN INSURANCE COMPANY OF NEW YORK, formerly known as American National Fire Insurance Company**

ATTACHMENT TO JOINT REPORT:

PROPOSED SCHEDULE OF
PRETRIAL AND TRIAL DATES

## SCHEDULE OF PRETRIAL AND TRIAL DATES

CASE NAME**:**   *The Standard Fire Ins. Co., et al. v. Estate of Betty Goldberg, et al.*

CASE NO:   5:19-cv-02498 DSF (AFMx)

| Matter | Time | Weeks before trial | Plaintiff(s) Request | Defendant(s) Request | Court Order |
|---|---|---|---|---|---|
| Trial (jury)(court) (length ___days) **(Tuesday)** | 8:30 am | | 10/19/2021 | 10/19/2021 | |
| Pretrial Conference, LR 16; Hearing on Motions in Limine **(Monday)** | 3:00pm | 4 | 9/20/2021 | 9/20/2021 | |
| Trial Documents (Set Two) **All Trials:** Lodge Pretrial Conference Order, LR 16-7; File Oppositions to Motions in Limine **Jury Trial Only**: File Agreed Set of Jury Instructions and Verdict Forms; Statement Regarding Disputed Instructions and Verdict forms | | 6 | 9/3/2021* *The parties propose this date, a Friday, because Monday, Sept. 6, 2021, which is six weeks before the proposed trial date, is Labor Day, a Court holiday. | 9/3/2021 | |
| Trial Documents (Set One) **All Trials:**  File Memo of Contentions of Fact and Law, LR 16-4; Exhibit & Witness Lists, LR 16-5, 6; Status Report Regarding Settlement;  Motions in Limine (no more than five motions per side may be filed without Court permission) **Court Trial Only**: Lodge Findings of Fact and Conclusions of Law, LR 52; File  Summaries of Direct Testimony (optional) | | 7 | 8/30/2021 | 8/30/2021 | |
| Last day to conduct ADR Proceeding,  LR 16-15 | | 12 | 7/26/2021 | 7/26/2021 | |
| Last day to **hear** motions (except  motion to amend pleadings or add parties and motions in limine), LR 7 **(Monday)** | | 14 | 7/12/2021 | 7/12/2021 | |
| Non-expert Discovery Cut-off | | 21+ | 5/24/2021 | 5/24/2021 | |
| Expert Disclosure (initial) | | | 6/24/2021 | 6/24/2021 | |
| Expert Disclosure (rebuttal) | | | 7/26/2021 | 7/26/2021 | |
| Expert Discovery Cut-off | | 21+ | 5/24/2021 | 5/24/2021 | |
| Last day to **hear** motion to amend pleadings or add parties **(Monday)** | | 32+ | 3/8/2021 | 3/8/2021 | |

LR 16-15 ADR Choice:   [   ]  1. USMJ                    [X]  3. Outside ADR

[   ]  2. Attorney Settlement Panel